

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO VIVEROS,<br><br>Defendant. | Case No. 2:17-CR-00546-SJO<br><br>ORDER OF DETENTION |

I.

On September 6, 2018, Defendant Eduardo Viveros ("Defendant") made an initial appearance in this district on the Indictment filed in the United States District Court for the Central District of California, Case No. 2:17-CR-00546-SJO.

The Court appointed Humberto Diaz, a member of the Indigent Defense Panel, to represent Defendant.

The Court conducted a detention hearing based on:

☒ a motion by the Government or ☐ on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving:

(a) ☒ a serious risk that the defendant will flee.

(b) ☒ a serious risk of danger to any person or the community

(c) ☐ a serious risk that the defendant will

    (i) ☐ obstruct or attempt to obstruct justice.

    (ii) ☐ threaten, injure, or intimidate a prospective witness or juror or attempt to do so.

The Government ☐ is / ☒ is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community.

## II.

☐ Defendant submitted on the report and recommendation of the U.S. Pretrial Services Agency.

☐ The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

☒ The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- Minimal confirmed bail resources
- Failure to appear history
- Substance abuse history

As to danger to the community:

- Defendant's extensive and continuous criminal history

### III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

### V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]


Dated: September 7, 2018         /s/
                                 HON. MARIA A. AUDERO
                                 UNITED STATES MAGISTRATE JUDGE